**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| GARY S. BRADLEY and REBECCA J. BRADLEY, individually and on behalf of all others similarly situated, | § § § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 3:21-CV-79-BSM** |
| v. | § | |
| | § | [Removed from Case No. 71 CV-21-38 |
| XTO ENERGY INC., | § | Circuit Court of Van Buren County, |
| | § | Arkansas] |
| **Defendant.** | § | |
| | § | |

<u>**XTO ENERGY INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**</u>

XTO Energy Inc. ("XTO") files this Brief in Support of its Motion to Dismiss Plaintiffs'

Class Action Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6)

and would show the Court as follows:

## I.    <u>INTRODUCTION</u>

All of Plaintiffs' claims stem from one allegation: that XTO violated the terms of an oil

and gas lease (the "Lease") by deducting post-production costs from their royalty payments.

Relying on this common allegation, and nothing more, Plaintiffs assert causes of action for (i)

breach of contract, (ii) deceptive trade practices, (iii) a declaratory judgment, and (iv) unjust

enrichment.  The pleaded facts in the Complaint fail to state a claim for relief because:

- Plaintiffs do not allege the facts that the Lease expressly requires to state a breach of contract claim.

- Plaintiffs do not plead any facts to support their vaguely-alleged deceptive trade practices claim.

- Plaintiffs do not plead any facts to establish a justiciable controversy between Plaintiffs and XTO that would warrant a declaratory judgment.

- Because Plaintiffs plead that a valid contract exists between the parties, the Complaint fails to state a claim for unjust enrichment.

Due to these pleading deficiencies, XTO's Motion to Dismiss pursuant to Rule 12(b)(6) should be granted in all respects.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on March 19, 2021, in the Circuit Court of Van Buren County, Arkansas.  XTO filed a timely Notice of Removal on April 23, 2021 based on the Court's jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367(a).

## III.   PLAINTIFFS' FACTUAL ALLEGATIONS

For purposes of this motion only, all of Plaintiffs' factual allegations are assumed to be true.  Plaintiffs base all of their claims on the following factual allegations:[1]

1.      XTO operates natural gas wells in Arkansas in which Plaintiffs own mineral interests.  Compl. ¶ 13.

2.      XTO and Plaintiffs are parties to the Lease, which is attached as Exhibit 2 to the Complaint.  Plaintiffs allege that XTO breached the Lease by deducting post-production costs from royalty payments due under the Lease and failing to pay royalties based on gross sales proceeds. Compl. ¶¶ 2, 14-18, 42, 49, 52-53.  The Complaint does not allege any other breach of the Lease or wrongful action by XTO.

3.      The lease attached to Plaintiffs' Complaint contains the following clause:

11.      In the event lessor considers that lessee is in breach of any of its obligations hereunder, lessor shall notify lessee in writing of the facts relied upon as constituting a breach hereof, and lessee, if in breach hereof, shall have sixty days after receipt of such notice in which to commence the compliance with the obligations imposed by virtue of this lease.  Until such time as lessee has been given

---

[1] *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545).

the above-described written notice and opportunity to cure the asserted breach, lessee shall not be considered in default under the terms of this lease.

Compl. Exhibit 2 ¶ 11.

Pursuant to this paragraph's plain language, XTO "shall not be considered in default under the terms of this lease" unless Plaintiffs provide written notice and, within sixty days, XTO has not "commence[d] . . . compliance."

4.      Plaintiffs do not allege: (i) they provided the requisite written notice to XTO or (ii) XTO failed to commence compliance with the allegedly-breached Lease provisions within sixty days.

## IV.   <u>LEGAL STANDARD</u>

A plaintiff must plead facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984) (complaint should be dismissed if no cause of action can be stated). Conclusory allegations of law with inferences unsupported by facts are insufficient. *Iqbal*, 556 U.S. at 678. Though the court must assume that all material factual allegations in the complaint are true, a plaintiff must assert non-conclusory allegations in order to obtain the benefit of the assumption. *Iqbal*, 556 U.S. at 679. Pleadings that do not state facts and merely make conclusory allegations cannot withstand a Rule 12(b)(6) motion. *Id.*

"[D]ocuments attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents 'for all purposes,' including to determine whether a plaintiff has stated a plausible claim." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459-60 (8th Cir. 2010); *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010) (citing Fed. R. Civ. P. 10(c)).

## V.   ARGUMENTS AND AUTHORITIES

Plaintiffs do not allege the facts necessary to support any of the causes of action set forth in the Complaint.

### A. Breach of Contract (Count II)

To state a claim for breach of contract, Plaintiffs must plead facts sufficient to plausibly allege: "(1) the existence of a valid agreement; (2) the defendant's breach of that agreement; and (3) the plaintiff's damages resulting from the breach." *Powell v. TPI Petroleum, Inc.*, 510 F.3d 818, 822 (8th Cir. 2007) (applying Arkansas law). Dismissal is appropriate when the facts alleged do not show that a breach of the governing agreement has occurred. *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 717-18 (8th Cir. 2017) (dismissing breach of contract claim because facts alleged in the complaint did not show a breach of the contract). A plaintiff must plead the specific provisions of the contract the defendant purportedly breached; and how the defendant breached those provisions. *Id.*; *Active Marketing Group, Inc. v. EB Brand Holdings, Inc.*, 2016 WL 3969182, at **3-4 (W.D. Ark. 2016); *Anfield-El v. Wells Fargo Home Mortgage*, 2015 WL 5547437, at *2 (W.D. Ark. 2015). In *Kuhns*, for example, the Eighth Circuit examined the parties' contract and concluded that the gap between the plaintiffs' factual allegations and the express contractual language warranted dismissal pursuant to Rule 12(b)(6). *Kuhns*, 868 F.3d at 717-18.

Similarly, Plaintiffs' Complaint presents a gap between their factual allegations and the express Lease provisions. Under the express provisions in paragraph 11 of the Lease, in order to plead a breach of the contract, the Plaintiffs must plead three specific facts:

1. Plaintiffs believed XTO breached specific requirements of the Lease (*e.g.*, failed to pay royalty as required by paragraph 3, failed to pay shut-in royalty, etc.);

2. Plaintiffs notified XTO in writing of the facts relied upon as constituting a breach; and

3.   XTO did not, within sixty days of receiving the requisite notice, commence compliance with the allegedly-breached Lease obligations.

Compl. Exhibit 2, ¶ 11.

Under the express terms of the Lease "[u]ntil such time as lessee has been given the above-described written notice and opportunity to cure the asserted breach, lessee *shall not be considered in default under the terms of this lease.*"  *Id*. (emphasis added).  A default is "[t]he omission or failure to perform a legal or contractual duty."  BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* MERRIAM WEBSTER UNABRIDGED "Default" (defining the term as "failure to do something required by duty or law).  In other words, paragraph 11 of the Lease specifically states that the lessee (XTO) cannot have breached the Lease unless and until the three events listed above occurred.

Though XTO does not concede that the Complaint properly alleges that XTO has breached an obligation under the Lease, the Complaint does not plead the second or third factual elements of their breach of contract claim.  Until the Plaintiffs make such a pleading, they have not stated a claim for a breach of the Lease upon which the Court may grant relief.  *Kuhns*, 868 F.3d at 717-18 (complaint must plead facts showing a breach of the contract).[2]

## B.  Deceptive Trade Practices (Count IV)

Plaintiffs base this entire cause of action on the claim that XTO "fails to pay them in accordance with their gross proceeds lease."  Compl. ¶¶ 52, 53.  The Complaint does not allege any other fact or basis supporting the claim.  Because Plaintiffs have not pleaded any facts

---

[2]   Plaintiffs' failure to adequately plead these elements of their claim is not merely a technical deficiency.  Plaintiffs did not broach the issue of allegedly-improper deductions with XTO until a March 9, 2021 phone call.  XTO responded to Plaintiffs shortly after that call and told them deductions would stop and past deductions would be reimbursed.  Plaintiffs stated they would relay that information to their counsel.

demonstrating that XTO has failed "to pay them in accordance with their gross proceeds lease" and the Lease upon which they rely directly refutes the allegation, this allegation does not get Plaintiffs past the Rule 12(b)(6) hurdle.

Assuming Plaintiffs intend to bring a claim under the Arkansas Deceptive Trade Practices Act, which they do not specify, Plaintiffs must establish: "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect and (2) injury resulting from such act." *Apprentice Info. Sys., Inc. v. DataScout, LLC*, 554 S.W.3d 536, 539 (Ark. 2018). Further, their allegations in support of the claim must meet the heightened particularity requirement established by Rule 9(b). *See* FED. R. CIV. P. 9(b) (requiring a party to "state with particularity the circumstances constituting fraud"). However, Plaintiffs' deceptive trade practice allegation is nothing more than a naked assertion that XTO unlawfully harmed them. They do not allege that XTO misled them at all, much less allege specific facts in support of such a statement. Such a pleading does not state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that that "unadorned, the defendant-unlawfully-harmed-me accusation[s]" do not suffice).

### C.  <u>Declaratory Judgment (Count I)</u>

The Complaint seeks multiple declarations but does not plead sufficient facts on which to base the requests. For a declaratory relief claim to survive dismissal, the following facts must be pleaded: "(1) there must be a justiciable controversy (a controversy in which a claim or right is asserted against one who has an interest in contesting it); (2) the controversy must be between parties with adverse interests; (3) the party seeking declaratory relief must have a legally protectable interest in the controversy; and (4) the issue must be ripe for judicial determination. *Hardy v. United Services Auto. Ass'n*, 233 S.W.3d 165, 167 (Ark. 2006). The Complaint does not make the required allegations.

The Complaint does not allege the facts necessary to show that XTO has failed to comply with the Leases.  Nor does the Complaint allege that XTO has taken a position that would render the requested declarations ripe for consideration.  At most, and after giving the Complaint its most liberal interpretation, the Plaintiffs seek an advisory opinion that, if XTO fails to comply with paragraph 11 of the Lease and breaches it, the requested declarations should be granted.  Article III of the United States Constitution prohibits courts from issuing advisory opinions.  *Parker v. PHH Mortgage Corp.*, 2012 WL 13020821, at *5 (E.D. Ark. Jan. 3, 2012)).  In order to seek a declaratory judgment, a plaintiff must plead that an injury be "certainly impending" and not dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id.* (quoting *South Dakota Mining Ass'n, Inc. v. Lawrence County*, 155 F.3d 1005, 1008 (8th Cir. 1998); *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Even after giving the Complaint a liberal interpretation, the requested declarations amount to prayers for relief in the event XTO has breached the Lease.  The requests are clearly contingent upon future events—events will only occur if Plaintiffs provide the required written notice and XTO fails to commence compliance within sixty days.  Accordingly, the declaratory judgment count should be dismissed.

### D.  Unjust Enrichment (Count III)

The Complaint alleges there is a contract between the parties and attaches the contract as an exhibit.  Compl. ¶¶ 40-44, Exhibit 2.  As the Arkansas Supreme Court has held "[t]here can be no 'unjust enrichment' in contract cases."  *Lowell Perkins Agency, Inc. v. Jacobs*, 469 S.W.2d 89, 92 (Ark. 1971).  Stated more directly, "the doctrine of unjust enrichment does not apply when there is a valid, legal, and binding contract."  *Varner v. Peterson Farms,* 371 F.3d 1011, 1018 (8th Cir.2004); *Wallace v. XTO Energy, Inc.*, 2014 WL 4202536, at *4 (E.D. Ark. 2014).

Plaintiffs base their primary claim on the existence of a valid contract.  They have not, therefore, stated a claim for unjust enrichment.

## VI.   **CONCLUSION**

The Complaint does not plead sufficient facts to state a claim upon which relief may be granted.  This case should be dismissed under Rule 12(b)(6).

Dated:  April 29, 2021.                                Respectfully submitted,


                                Elizabeth L. Tiblets (TX Bar No. 24066194)
                                K&L GATES LLP
                                301 Commerce Street, Suite 3000
                                Fort Worth, TX 76102
                                Telephone: (817) 347-5270
                                Facsimile: (817) 347-5299
                                Email: elizabeth.tiblets@klgates.com

                                and

                                Robert M. Honea (AR #83089)
                                HARDIN, JESSON & TERRY, PLC
                                5000 Rogers Avenue, Suite 500
                                Fort Smith, Arkansas 72917
                                Telephone: (479) 452-2200
                                Facsimile: (479) 452-9097
                                Email: honea@hardinlaw.com
                                **ATTORNEYS FOR DEFENDANT**
                                **XTO ENERGY INC.**