# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GARY AND REBECCA BRADLEY**                                          **PLAINTIFFS**

v.                           **CASE NO. 3:21-CV-00079-BSM**

**XTO ENERGY, INC.**                                                  **DEFENDANT**

## ORDER

XTO Energy, Inc.'s motion to dismiss [Doc. No. 5] is granted on plaintiffs' deceptive trade practices and unjust enrichment claims, and denied on plaintiffs' breach of contract and declaratory relief claims.

## I. BACKGROUND

Plaintiffs Gary and Rebecca Bradley own oil, gas, and other mineral interests in Van Buren County, Arkansas. Compl. ¶ 7, Doc. No. 2. Plaintiffs have a lease with XTO that permits XTO to extract gas in exchange for paying plaintiffs a percentage of the gross proceeds received from the gas that XTO produces. *Id*. ¶¶ 13–15; *see also* Ex. 2, Doc. No. 2. Plaintiffs assert that XTO is wrongfully deducting post-production costs from their royalty payments, in violation of the lease. Compl. ¶¶ 16–17. Plaintiffs are suing for a declaratory judgment, and alleging claims of breach of contract, unjust enrichment, and deceptive trade practices. XTO moves to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint

must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for claims grounded in fraud to enable a defendant to "respond specifically and quickly to the potentially damaging allegations." *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research*, 851 F.3d 800, 804 (8th Cir. 2017); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule requires that the complaint allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). Deceptive trade practice claims must satisfy the Rule 9(b) standard. *See E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012).

### III. DISCUSSION

A. <u>Breach of Contract</u>

XTO's motion to dismiss plaintiffs' breach of contract claim is denied because

plaintiffs have sufficiently alleged a breach of contract claim. To state a breach of contract claim, a party must plausibly allege the existence of a valid agreement, a breach of that agreement, and resulting damages. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 33 S.W.3d 128, 133 (Ark. 2000). The party must identify the specific provision of the agreement that was allegedly breached, and state how that provision was breached. *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 717-18 (8th Cir. 2017).

Plaintiffs plausibly allege the existence of a valid lease agreement with XTO, and make sufficient factual allegations that a breach of that agreement has occurred and damages have resulted. Compl. ¶¶ 13–17. They identify a provision in the lease agreement that calls for XTO to pay them twenty percent of the gross proceeds it receives for gas produced from their mineral interests that it sells, uses off the premises, or uses in the manufacture of products therefrom. *Id*. ¶ 15. Plaintiffs also identify a second provision stating that XTO "shall not deduct any costs or expenses from such gross proceeds except [XTO]'s pro rata share of any severance taxes" and allege that XTO is impermissibly deducting post-production costs that reduce their gross royalty payments. *Id*. ¶¶ 15–16.

According to XTO, plaintiffs fail to state a breach of contract claim because they did not comply with Paragraph 11 of the parties' lease. Mot. Dismiss at 4–5, Doc. No. 6. Paragraph 11 provides that if plaintiffs believe that XTO is breaching any of its obligations, they must give written notice to XTO, which shall then have sixty days to come into compliance with those obligations. Ex. 2 ¶ 11. Until those sixty days have elapsed, XTO cannot be considered to be in breach of the lease. *Id*. XTO asserts that plaintiffs never

provided written notice before initiating this lawsuit and therefore argues that no breach could have occurred. Mot. Dismiss at 3. In response, plaintiffs argue that Paragraph 11 is a notice and cure provision that would only apply to a lawsuit seeking to cancel their lease with XTO. Resp. Mot. Dismiss at 4, Doc. No. 10. They contend that it does not apply to a suit, such as this one, for damages. *Id*. at 2.

The Arkansas Supreme Court has held that a notice and cure provision in a lease only applies to a suit seeking to cancel that lease. *TXO Prod. Corp. v. Page Farms, Inc.*, 698 S.W.2d 791, 794 (Ark. 1985). Still, XTO argues that the court's holding in *Page Farms* was rooted in its conviction that the lease's notice and cure provision could not have been intended "to bar the lessor forever from recovering damages sustained prior to the giving of the notice." 698 S.W.2d at 794. Whereas the lessee in *Page Farms* sought to forever bar the lessor from recovering damages sustained prior to the giving of notice, XTO argues that it only seeks to dismiss plaintiffs' claims until they provide notice and give it sixty days to cure any purported breaches. Reply Mot. Dismiss at 2, Doc. No. 11. Although XTO's effort to distinguish the *Page Farms* case from this one is understandable, it does not carry the day. This is because the notice and cure provision in this case is virtually identical to the notice and cure provision in *Smith v. Seeco, Inc., et al.*, Case No. 4:14-CV-00435-BSM (E.D. Ark. June 16, 2017). In that case, I ruled that the notice and cure provision did not apply because plaintiffs were suing on the lease, rather than seeking to cancel it. *Smith*, Case No. 4:14-CV-00435-BSM, Trial Tr. Vol. 10, Doc. No. 536; *see also Wallace v. XTO Energy, Inc.*, 2014 WL 4202536 at *4 (E.D. Ark Aug. 22, 2014).

B. Deceptive Trade Practices

XTO's motion to dismiss plaintiffs' deceptive trade practices claim is granted because plaintiffs have failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

XTO contends that plaintiffs' deceptive trade practices claim fails to satisfy Rule 9(b)'s particularity requirement because it is "nothing more than a naked assertion that XTO unlawfully harmed them." Mot. Dismiss at 6. Moreover, XTO argues that plaintiffs have failed to meet their burden, under the Arkansas Deceptive Trade Practices Act (ADTPA), of establishing that XTO engaged in a deceptive consumer-oriented act or practice which was misleading in a material respect. *Id*. Nowhere in their complaint, according to XTO, do plaintiffs allege that XTO ever misled them. *Id*.

Plaintiffs respond that XTO violated Arkansas Code Annotated section 15-72-305(a)(8)(C) and section 15-72-305(a)(3) by not paying them the full gross royalties they were entitled to receive. Resp. Mot. Dismiss at 5. Such violations, plaintiffs argue, constitute "unconscionable trade practices" that also violate the ADTPA. *Id*. They argue that their ADTPA claim is analogous to one put forth by Cherie Vanoven, in *Vanoven v. Chesapeake Energy Corp., et al.*, Case No. 4:10-CV-00158-BSM (E.D. Ark. Mar. 22, 2011), and that like Vanoven, they should be permitted to proceed with their claim. Resp. Mot. Dismiss at 5–6.

This case, however, is clearly distinguishable from *Vanoven*. Vanoven alleged that the defendants used secret accounting procedures to fraudulently make deductions from her

royalty payments and also refused her access to their accounting information. *Vanoven*, Case No. 4:10-CV-00158-BSM. By contrast, plaintiffs herein are merely alleging that XTO impermissibly deducted post-production costs from their royalty payments. They do not allege that XTO made misleading statements or hid information from them. *See, e.g., Collins v. SEECO, Inc.*, 2012 WL 2309080 at *3 (E.D. Ark. June 18, 2012) (Collins stated a plausible claim by identifying specific deceptive trade practices that defendants engaged in, such as "self-dealing to artificially lower royalty payments, improperly charging post-production expenses, making improper representations about the amount of royalties owed via royalty checks, and failing to pay royalties on gas used for compression, dehydration, marketing, and gathering").

C. Unjust Enrichment

XTO's motion to dismiss plaintiffs' unjust enrichment claim is granted because the parties' lease specifically covers the royalties that XTO allegedly owes to plaintiffs.

As long as there is a valid, legal, and binding contract, the doctrine of unjust enrichment does not apply. *Varner v. Peterson Farms*, 371 F.3d 1011, 1018 (8th Cir.2004). For this reason, "there can be no unjust enrichment in contract cases." *Lowell Perkins Agency v. Jacobs*, 469 S.W.2d 89, 92 (Ark. 1971). Arkansas courts have recognized some limited exceptions to this rule, but only in cases where parties to a contract have made a fundamental mistake about material elements of that contract. *See Hall Contracting Corp. v. Entergy Services, Inc.*, 309 F.3d 468, 475 (8th Cir. 2002).

Plaintiffs do not allege any facts suggesting that their lease agreement with XTO is

invalid, illegal, or non-binding, nor does XTO contest the validity of the lease. *See Wallace*, 2014 WL 4202536 at *4. Plaintiffs argue, though, that their unjust enrichment claim should be allowed to proceed because they assert causes of action that are not based in contract. Resp. Mot. Dismiss at 7. This argument is unavailing; it has been squarely rejected in similar cases. *See Wallace*, 2014 WL 4202536 at *4; *Collins*, 2012 WL 2309080 at *2.

### D. Declaratory Judgment

XTO's motion to dismiss plaintiffs' request for a declaratory judgment are denied because a justiciable controversy exists between the parties that is ripe for judicial determination. A party seeking declaratory relief must plead the following facts for the claim to survive a motion to dismiss: "(1) there must be a justiciable controversy (a controversy in which a claim or right is asserted against one who has an interest in contesting it); (2) the controversy must be between parties with adverse interests; (3) the party seeking declaratory relief must have a legally protectable interest in the controversy; and (4) the issue must be ripe for judicial determination." *Hardy v. United Services Auto. Ass'n*, 233 S.W.3d 165, 167 (Ark. 2006).

XTO argues that plaintiffs' request for declaratory relief is contingent upon future events – events that will that will only occur if plaintiffs provide the written notice required under Paragraph 11 of the lease. Mot. Dismiss at 7. This assertion fails because Paragraph 11 of the lease does not apply. Since XTO does not offer any alternative basis to support its claims that a justiciable controversy does not exist and that the declaratory relief sought is not ripe for judicial review, this claim will be allowed to proceed. While it may be

duplicative of plaintiffs' breach of contract claim, that is insufficient reason alone to dismiss it. *Collins*, 2012 WL 2309080 at *2 ("The request for a declaratory judgment is probably suspenders over the belt of the contract claim. But there is no harm in leaving this request for relief in.")

## IV. CONCLUSION

For these reasons, the motion to dismiss plaintiffs' deceptive trade practices and unjust enrichment claims is granted, and the motion to dismiss plaintiffs' breach of contract and declaratory relief claims is denied.

IT IS SO ORDERED this 19th day of July, 2021.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE