# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GARY S. BRADLEY and**
**REBECCA J. BRADLEY, individually and**
**on behalf of all others similarly situated**                                  **PLAINTIFFS**

**v.**                       **Case No. 3:21-cv-00079-BSM**

**XTO ENERGY, INC.**                                                      **DEFENDANT**

## AGREED PROTECTIVE ORDER

IT IS AGREED BY THE PARTIES AND ORDERED AS FOLLOWS:

1. As used in this Order:

   a. The term "Party(ies)" refers to any Plaintiff, Defendant or Intervenor in this lawsuit.

   b. The term "third party(ies)" refers to persons or entities who are not parties to this lawsuit.

   c. The term "discovery material" shall include:

      i. Testimony and the record of depositions and hearing transcripts created in the Proceeding; and

      ii. Documents, electronically stored information, and things produced in this lawsuit (the "Proceeding"), whether pursuant to discovery, subpoena, voluntarily, or otherwise.

   d. "Confidential material" shall refer to any discovery material, or any portion thereof, that contains information that any Party or third party considers in good faith to be confidential, trade secret, proprietary, or commercially sensitive.

   e. The term "documents" shall be synonymous in meaning and equal in scope to the usage of the term "items" as set forth in Fed. R. Civ. P. 34(a)(1).

2. Any Party or third party producing or receiving any discovery material may designate all or any portion or portions thereof as Confidential.

3. The designation of Confidential material may be made by:

   a. in the case of documents and transcripts, visibly labeling the document **"CONFIDENTIAL"** in a manner as will not interfere with the legibility thereof;

   b. in the case of tangible things and electronically stored information, giving notice to all Parties by letter or transmittal along with a description sufficient to identify the Confidential material (such as document identification numbers); and

   c. in the case of oral testimony, including during a deposition, either (1) stating orally on the record that certain information or exhibits are Confidential or (2) sending written notice designating such information, testimony, or exhibits as Confidential within 21 days of receipt of the deposition transcript. Prior to expiration of those 21 days, or until it is otherwise designated, whichever comes first, all deposition testimony shall be deemed Confidential. Any portions of depositions that discuss Confidential material shall be deemed Confidential material.

4. Any discovery material covered by such legend or notice and any discovery material with a transmittal containing such legend or notice, and the information contained therein, shall be deemed Confidential material in its entirety unless the Party or third party designating the material as Confidential shall clearly indicate thereon that only a portion thereof is to be covered by the notice of confidentiality.

5. Unless and until otherwise ordered by the Court, Confidential material shall be disclosed only as follows:

   a. Confidential material and the contents thereof may be disclosed to counsel for named Parties and persons regularly employed in the office of such counsel.

   b. Confidential material and the contents thereof may be disclosed to the Judge, the Judge's staff, court personnel, and court reporters/stenographers taking depositions, transcribing hearings, or the trial) in this Proceeding.

   c. Confidential material and the contents thereof may be disclosed to Parties and officers, directors, or employees of a Party assisting in the evaluation, prosecution or defense of this Proceeding.

   d. Confidential material and the contents thereof may be disclosed to experts retained by a Party who are actively engaged in the conduct of this Proceeding and have actual need to see the material or know the contents thereof in connection with that engagement, provided that such persons are first given a copy of this Order and

provided each executes a written statement, a copy of which is attached hereto as Exhibit 1 and made a part hereof, that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential material except as essential to the prosecution or defense of the above-captioned lawsuit, and only to persons listed in this Paragraph 5 of this Order; (3) said person understands that the unauthorized use or disclosure of the Confidential material or their contents constitutes contempt of Court; and (4) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

6. The non-designating Party or third party must mark any summaries or copies (printed or electronic) of Confidential materials or the contents with an appropriate Confidentiality designation as described in Paragraph 3 above. Those summaries and copies shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

7. If any third party produces documents that are not designated as Confidential material, such documents shall still be considered as Confidential material under this Protective Order for 21 days from the time that each Party to this action has received such documents. If any Party believes that the documents should be permanently designated as Confidential material, that Party must provide a written designation to the other Party in accordance with paragraph 3.

8. All Confidential material and its contents can only be used and/or disclosed solely for the purpose of the direct prosecution or defense of the Proceeding and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order. No Party or any director, officer, employee, agent or attorney for any Party shall use or permit to be used any Confidential material or the contents thereof for any business or commercial purpose whatsoever. Any receiving Party (or other person to whom Confidential material is disclosed pursuant to this Order) having custody of Confidential material must take reasonable

precautions to store and maintain it in a manner that limits access to persons permitted such access under this Order.

9. In the event that any Confidential material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other paper filed with any court, such Confidential material shall be filed and maintained under seal until further order of this Court; provided, however, that such paper shall be furnished to the Court and counsel of record for the named Parties to be received and reviewed under the provisions of this Order applicable to the stated level of confidentiality. The filing Party shall comply with Section IV(B) of the CM/ECF Administrative Policies and Procedures Manual for Civil Filings, except that the Party may file the sealed Confidential material without seeking prior leave of court.

10. In the event discovery material is to be filed of record or used as an exhibit during a hearing or trial, the Parties shall comply with the redaction requirements set forth in Rule 5.2 of the Federal Rules of Civil Procedure, even if the discovery material has not been designated as Confidential material.

11. If a Party intends to introduce Confidential material into evidence at a hearing or trial in this Proceeding, that Party shall give written notice of that intention to the Court, opposing counsel, and the producing Party or third party no fewer than 5 business days prior to the hearing or trial date set in this matter, and the Court may take such steps as it shall deem appropriate to preserve the confidentiality of such information. Upon written agreement from the designating Party, a Party may be allowed to introduce Confidential material at a hearing or trial of this matter that has not been disclosed to the Court. The Parties understand that the Court, in its discretion, may or may not choose to seal the portion of the trial that address the Confidential material, and

the Parties understand that the Court may allow Confidential material to be disclosed on the open record at trial.

12. Any Party who designated discovery material as Confidential material may waive its own designation and use such discovery material in this Proceeding without seal.

13. Inadvertent, unintentional, or in camera disclosure of Confidential material shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality or privilege. If a disclosing person inadvertently produces any document containing Confidential material without designating it as such, the disclosing person shall, within ten days of learning of the inadvertent production, inform the receiving Party in writing of the Confidential designation. After receiving that designation, the receiving Party shall treat the information as Confidential material. If, prior to receiving the Confidential designation, the material was disclosed to persons who are not permitted to receiving Confidential material by this Order, the receiving Party shall make reasonable efforts to promptly retrieve the information and avoid any further disclosure to non-authorized persons.

14. Within thirty days after the settlement or entry of final judgment or order in the Proceeding from which no further appeal has been or can be taken, all Confidential material and all copies thereof shall be returned to the producing Party or third party or destroyed at the expense of the receiving Party, and each of the Parties shall separately certify in writing under oath that each has returned to the producing Party or third party or destroyed all the Confidential material and has destroyed any materials created from information in those categories of material. (The previous sentence does not apply to the Court.) Each of the Parties shall, at their own expense, have their experts return to the retaining counsel all copies of Confidential materials, and destroy all materials derived from the same, certifying separately, in writing under oath, the same.

Notwithstanding the other provisions of this Order, counsel for the Parties may maintain a complete copy of all pleadings filed in the case, all deposition and hearing transcripts, all exhibits introduced into depositions and hearings, and all attorney work product, irrespective of whether they contain Confidential material, provided that such counsel shall not use or disclose copies of Confidential material at any time or in any manner other than as permitted by this Protective Order.

15. With respect to any discovery material that has been designated as Confidential material by a Party or third party, another Party may seek and obtain from the Court, upon motion and an appropriate showing and full opportunity of the designator to respond and be heard, a determination that such material should not be deemed Confidential material. The burden of proving that the Confidential material should be deemed Confidential shall fall upon the person or persons who designated the Confidential material. At least 5 business days before making any such motion, counsel should confer in good faith with the designating Party. Any Confidential material attached to or referenced in the motion must be redacted as required by Federal Rule of Civil Procedure 5.2. Upon the filing of such motion, a response should be filed in accordance with Local Rule 7.2. A conference call will be scheduled to resolve such matters if the Court deems it necessary. Alert the law clerk on the case to the filing of the motion. Until the Court rules on any such motion, the materials shall continue to be deemed and treated as Confidential. Any Party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of discovery material.

16. This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party or third party, nothing contained herein shall be deemed to preclude any

Party or third party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

17.     Production of privileged or work product protected information is presumed to be inadvertent and does not waive the privilege. If information is produced that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing Party must preserve the information until the claim is resolved. Inadvertent disclosure of privileged or work product protected documents shall not be a waiver of a claim of privilege either as to the specific material disclosed or as to related information.

18.     If any person covered by this Protective Order is subpoenaed or served with a document demand in another action or proceeding and such subpoena or document demand seeks information that has been designated in the Proceeding as Confidential material, that person shall (i) give prompt written notice by email, and in no event later than 48 hours after the receipt of such subpoena or document demand, to the person or persons who produced and who designated the Confidential material; and (ii) object to the production of such information on the ground that such information is subject to the terms of this Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or persons who designated the Confidential material. Unless the person or persons who produced or designated the information as Confidential material obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the person who received the subpoena

or document demand, the person who received the subpoena or document demand shall be permitted to produce information in response to the subpoena or document demand on the response date for the subpoena or document demand as long as the response date is at least fourteen days after the date on which the person provided written notice to the designating Party of the subpoena or demand.  If the deadline for responding to the subpoena or document demand is fewer than fourteen days after the date on which the person provided written notice to the designating person of the subpoena or demand, the person receiving such subpoena or demand will object to producing the requested information and will not produce it until fourteen days after the written notice.  The person who received the subpoena or document demand shall not produce information in response to the subpoena or document demand before its response date.

19. All Parties remain under a continuing obligation, as a matter of contract between the Parties, to comply with the requirement in Paragraphs 5 and 14 that they not use or disclose copies of Confidential material at any time or in any manner other than as permitted by this Protective Order.

20. This Protective Order shall operate retroactively to the inception of this action in state court. Any material produced prior to the signing of this Protective Order shall be treated as Confidential upon designation as set forth above.

21. Nothing contained in this Protective Order, and no action taken pursuant to it shall prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or discoverability of the material sought. Nor shall this Protective Order prevent any Party or third party from objecting to discovery it believes to be otherwise improper.  This Protective Order will not prejudice the rights of any person to apply to the Court for a further protective order relating to any Confidential material, trade secrets, or proprietary information.

22. The Parties have authorized their respective counsel of record to execute this Protective Order on their behalf, and the Parties and their respective counsel agree to be bound by the terms of this Protective Order.

IT IS SO ORDERED this __2nd__ day of __June_____, 2022.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE

Approved by:

By:/*s*/ Will Crowder
Will Crowder
Thomas P. Thrash
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, Arkansas 72201-1214
(501) 374-1058 / fax (501) 374-2222
Email: tomthrash@thrashlawfirmpa.com
Email: willcrowder@thrashlawfirmpa.com

M. Edward Morgan
Nathan S. Morgan
MORGAN LAW FIRM, P.A.
148 Court Street
Clinton, Arkansas 72031-7085
(501) 745-4044 / fax (501) 745-5358
Email: eddie@medwardmorgan.com
Email: nathan@morganlawfirmpa.com

Attorneys for Plaintiffs

By:/*s*/ Elizabeth L. Tiblets
Elizabeth L. Tiblets
K&L GATES LLP
301 Commerce Street, Suite 3000
Fort Worth, TX 76102-4136
(817) 347-5270 / fax (817) 347-5299
Email: Elizabeth.tiblets@klgates.com

Robert M. Honea
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917-2098
(479) 452-2200 / fax (479) 452-9097
Email: honea@harrdinlaw.com

Attorneys for Defendant

## **NON-DISCLOSURE AGREEMENT**

I certify that I have read the Agreed Protective Order (the "Order") in this action *Gary S. Bradley and Rebecca J. Bradley, individually and on behalf of all others similarly situated v. XTO Energy, Inc.*, Case No. 3:21-cv-00079-BSM, and that I fully understand the terms of the Order (including, but not limited to paragraph 5(d) of the Order). I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of Arkansas for any proceedings involving the enforcement of the Order.

EXECUTED this _____ day of _____, 20__.

_____
Signature

_____
Name

_____
Affiliation

_____
Business Address