## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**GARY S BRADLEY AND**                                                    **PLAINTIFFS**
**REBECCA J BRADLEY**


**v.**                              **CASE NO. 3:21-CV-00079-BSM**


**XTO ENERGY, INC.**                                                    **DEFENDANT**

### ORDER

Gary and Rebecca Bradley's motion for class certification [Doc. No. 24] is denied.

## I. BACKGROUND

The Bradleys are suing XTO Energy for underpaid royalties, alleging that XTO violated its oil and gas lease with them.  This began when Gary Bradley called XTO on March 9, 2021, after noticing an improper deduction from his royalty check, and XTO responded that it would look into it.  The Bradleys filed suit ten days later.  On April 9, XTO informed the Bradleys that the deduction was improper and reimbursed them.  The Bradleys are seeking to certify a class of persons who have entered into similar leases with XTO.

## II. LEGAL STANDARD

A party seeking certification has the burden of showing that the proposed class satisfies Rule 23(a)'s threshold requirements of numerosity, commonality, typicality, and adequacy, and that the class fits within "one of the three subsections of Rule 23(b)."  *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1155 (8th Cir. 2017); *Coleman v. Watt*, 40 F.3d 255, 258–59 (8th Cir.1994); Fed. R. Civ. P. 23.  Rule 23(b)(3) requires that "the questions of law

or fact common to class members" must "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Certification is appropriate if "the common, aggregation-enabling, issues are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016).

## III. DISCUSSION

The Bradleys' motion for class certification is denied because class certification is not warranted. Although the Bradleys assert that certification is proper because all potential class members were subject to XTO's "systemic practice of underpaying royalties," Pl.'s Reply in Support of Mot. To Certify at 2, Doc. No. 33, the record does not clearly show that XTO had a systemic practice of underpaying royalties. Moreover, XTO took almost immediate action to correct the underpayment issue with the Bradleys. And, while it is not clear whether XTO underpaid its other leaseholders, it is also not clear whether it has already taken the same quick action to resolve any underpayment issues it might have had with other leaseholders. The Bradleys filed 92 leases to meet the numerosity requirement; however, Gary Bradley testified that he is aware of only six potential class members, all of whom are family or friends. Bradley Dep. at 135, Doc. No. 28-1. Indeed, he also testified that he does

not know whether XTO is still deducting costs or whether those individuals have already been reimbursed. *Id.* at 39–50. Prudence, therefore, weighs against certification.

The Bradleys are correct that "courts will certify a class action involving a breach of contract when the claims stem from uniform contracts applied through a uniform course of conduct to an identifiable class of people." Pl.'s Br. Supp. Mot. to Certify at 13, Doc. No. 25. A problem, however, is that the 92 leases in the record are not uniform, and individual scrutiny would be necessary to determine whether XTO breached these individual leases.

Finally, the Bradleys argue that the proposed class's claims turn on common questions and common evidence. This argument is unconvincing because, whether XTO underpaid the individual members of the class involves an individual inquiry. *See Reidel v. XTO Energy Inc.*, No. 4:07-cv-00304-GTE (E.D. Ark. 2009); *Mobley Lumber Co. v. XTO Energy Inc.*, No. 1:16-cv-00012-BRW, 2017 WL 2905845 (E.D. Ark. Feb. 8, 2017); and *Hicks v. Sw. Energy Co.*, No. 4:16-cv-0026-KGB (E.D. Ark. 2018)(cases denying certification in royalty underpayment cases involving differing leases).

## IV. CONCLUSION

For these reasons, the motion for class certification [Doc. No. 24] is denied.

IT IS SO ORDERED this 19th day of September, 2023.

UNITED STATES DISTRICT JUDGE